# AHMAD KESHAVARZ
## *Attorney at Law*

---

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

PHONE: (718) 522-7900
FAX: (877) 496-7809

November 22, 2017

VIA ECF
Hon. Steven M. Gold
U.S. Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:** **Plaintiff's *ex parte* request that Defendant's deadline to answer be set at January 17, 2018, and for an adjournment of the initial conference currently scheduled for November 29, 2017.**
> ***Bueno v. Lutz*, Case No: 1:17-cv-04427-FB-SMG**

Dear Judge Gold:

The undersigned represents Plaintiff Agustina Bueno in this diversity suit for violations of New York General Business Law § 349. Plaintiff respectfully requests that Defendant's deadline to answer or otherwise appear in this action be extended to January 22, 2017 in accordance with the waiver of service filed this afternoon. DE 13. Plaintiff further requests an adjournment of the initial conference currently scheduled for November 29, 2017.

On July 26, 2017, the Court issued a summons for Defendant Kerry Lutz at a UPS postal box at 5500 Military Trail in Jupiter, Florida. DE 4. Service at a postal box is authorized by Fla. Stat. Ann. § 48.031(6)(a). Plaintiff's process server attempted to serve the summons at the Military Trail address on August 24, 2017, however, the administrator of the postal box would not confirm that the box belonged to Kerry Lutz. *See* DE 08. On September 5, 2017, Plaintiff filed an *ex parte* letter requesting permission to subpoena a UPS employee in order to determine whether the UPS postal box at the Military Trail address indeed belonged to Kerry Lutz.

In her response to the subpoena, the UPS employee stated that Kerry Lutz closed his UPS postal box the same day as the attempted service, August 24, 2017. Plaintiff was unable to determine whether Mr. Lutz closed the box before or after service was attempted. In an effort to avoid any dispute regarding the validity of service, Plaintiff filed a second proposed summons on October 10, 2017. DE 9. The summons listed a different address for a UPS postal box at 9858 Clint Moore Road in Boca Raton, Florida. Your Honor issued the summons on October 19, 2017, DE 10, and the summons and complaint were served at the Clint Moore Road postal box on October 20, 2017. DE 11. A UPS employee at the Clint Moore Road postal box confirmed

that Kerry Lutz maintained an active postal box at the Clint Moore Road location. This method of service is authorized under Florida state law.[1]

Mr. Lutz' deadline to answer or otherwise appear was November 10, 2017. To date, Mr. Lutz has not answered or appeared in this action. On November 10, 2017 Mr. Lutz's attorney requested that Plaintiff consent to an extension of the time to answer or otherwise appear, and informed Plaintiff that Mr. Lutz intends to dispute the validity of service. The parties conferred, and ultimately agreed, in the interest of minimizing motion practice, that Plaintiff would consent to the extension and to an adjournment of the initial conference, and that Defendant would execute a waiver of service form, thereby waiving any defense as to the validity of service. DE 13.

The executed waiver of service, DE 13, provides that Mr. Lutz' deadline to answer or otherwise appear is January 22, 2018. Defendant has agreed to answer or otherwise move on or before January 17, 2018. Plaintiff consents to the imposition of this deadline and respectfully requests that an answer or appearance submitted on or before January 17, 2018 be deemed timely. This extension does not effect any other deadline in this case.

Further, as Defendant has not yet answered the complaint, Plaintiff requests that the initial conference currently scheduled for November 29, 2017 be adjourned to one of the following dates requested by counsel for Defendant:

January 18, 19, 26, 29, or 30.[2]

Plaintiff consents to the adjournment, and is available for an initial conference on any of those dates, from 10:00 AM onward.

We thank the Court for its consideration.

Respectfully submitted,

/s/

Ahmad Keshavarz

cc: Kerry Lutz VIA email to his attorney, Brett Scher, at bscher@kdvlaw.com

---

[1]

If the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location.

Fla. Stat. Ann. § 48.031(6)(a)

[2] Defendant also suggested January 23 or 25, but the undersigned is unavailable on those dates.